

# NUMBER 13-13-00513-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE CORNELIO MORALES

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Benavides, Perkes, and Longoria
### Per Curiam Memorandum Opinion[1]

On September 27, 2013, Cornelio Morales, filed a petition for writ of mandamus and request for emergency temporary relief through which he contended that the trial court abused its discretion by failing or refusing to rule on: (1) Morales's motions to compel depositions; and (2) Morales's request to continue the submission date on a motion for summary judgment filed by the real party in interest, the Hidalgo County Irrigation District No. 6 ("Irrigation District"), until the depositions sought by Morales had

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

been completed.  On September 30, 2013, this Court granted the request for emergency relief and ordered the trial court proceedings to be stayed.  *See* TEX. R. APP. P. 52.10(b) ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided.").  That same day, the Court also requested a response to the petition for writ of mandamus from the Irrigation District.

On October 9, 2013, Morales filed a supplemental petition for writ of mandamus stating that the trial court had rendered four orders that were the subject of this petition for writ of mandamus on the same day that this Court stayed the trial court proceedings. These orders:  (1) granted the Irrigation District's motion for summary judgment; (2) denied Morales's motion to compel the depositions of the Irrigation District's board members; (3) denied Morales's motion to compel the deposition of the Irrigation District's corporate representative; and (4) denied Morales's motion to compel the deposition of Oscar Garza.  Morales contended that the trial court entered each of these orders in violation of the stay.

On October 25, 2013, the Irrigation District filed a motion requesting that we dismiss this original proceeding on grounds that it has been rendered moot by the trial court's rulings.  According to the motion, the trial court issued the four orders in the underlying cause on the same day, but before, this Court issued its order staying the trial court proceedings.  The Irrigation District's motion to dismiss is supported by an affidavit establishing the relative times that the trial court signed the underlying orders and this Court issued its ruling regarding the stay.

Because the trial court has ruled on Morales's motions, the petition for writ of mandamus asking us to require the trial court to rule is moot.  *See In re Kellogg Brown*

2

*& Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) ("A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings."); *State Bar of Tex. v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994) (stating that, for a controversy to be justiciable, there must be a real controversy between the parties that will be actually resolved by the judicial relief sought).

The Court, having examined and fully considered the petition for writ of mandamus, the supplemental petition for writ of mandamus, the response, the reply, and the various other pleadings on file, is of the opinion that this original proceeding has been rendered moot. Accordingly, the Court GRANTS the motion to dismiss, LIFTS the stay previously imposed by this Court, and DISMISSES the petition for writ of mandamus as moot. *See* TEX. R. APP. P. 52.8(a), (d). All other pending motions, including the "Emergency Motion for Exception to Stay," are likewise DISMISSED as moot.

IT IS SO ORDERED.

PER CURIAM

Delivered and filed the
5th day of November, 2013.